```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/7/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
GLENN ALTO, et al.,                                            :
                                           Plaintiffs,         :
                                                               :            1:19-cv-9758-GHW
                        -v -                                   :
                                                               :
SUN PHARMACEUTICAL INDUSTRIES, INC.,                           :
                                                               :
                                           Defendant.          :
                                                               :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

**I. Motion to Seal**

On March 18, 2021, Defendant filed a letter motion, Dkt. No. 97, to seal a letter requesting leave to withdraw one of Defendant's experts and substitute a new expert in his place, Dkt. No. 98. On March 23, 2021, Defendant filed a copy of the letter that Defendant requested to seal with the name of the expert and information about the expert's medical condition redacted. Dkt. No. 99.

There is a long-established "general presumption in favor of public access to judicial documents." *Collado v. City of New York*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016). The Second Circuit has defined "judicial documents" as documents filed with a court that are "relevant to the performance of the judicial function and useful in the judicial process[.]" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quotation omitted). Applications to seal documents must therefore be "carefully and skeptically review[ed] . . . to insure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quotation

omitted). Higher values that may justify the sealing of documents include national security concerns, attorney-client privilege, law enforcement interests, or the privacy interests of third parties. *See E.E.O.C. v. Kelley Drye & Warren LLP,* No. 10 Civ. 655 (LTS) (MHD), 2012 WL 691545, at *2 (S.D.N.Y. Mar. 2, 2012) (collecting cases). "Medical information is among the types of information often made subject to a sealing order." *McGuirk v. Swiss Re Fin. Servs. Corp.*, No. 14 CIV. 9516 (CM), 2015 WL 13661685, at *1 (S.D.N.Y. Mar. 30, 2015).

Defendant has overcome the presumption as to the material Defendant has redacted in Dkt. No. 99, which contains medical information. Accordingly, Defendant's March 18, 2021 letter motion to seal, Dkt. No. 97, is granted. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 97.

**II. Motion to Substitute Expert**

Defendant's request that it be permitted to identify a substitute expert, Dkt. No. 99, is granted. Defendant is permitted to identify a substitute expert for Mr. Zisa and to serve that expert's report on or before April 16, 2021. To mitigate potential prejudice to Plaintiffs, the following safeguards will be put in place: Defendant must give its substitute expert the identical assignment that it assigned to Mr. Zisa; the substitute expert may only review materials that were available to Mr. Zisa; and the substitute expert may only rely on materials relied upon by Mr. Zisa. The deadline for deposition of the substitute expert is April 30, 2021. Both parties' expert witnesses' direct testimony affidavits are due no later than July 8, 2021. Plaintiffs' Daubert motion as to Mr. Zisa, Dkt. No. 58, is denied as moot. Plaintiffs are permitted to file a new Daubert motion regarding Defendant's substitute expert. Plaintiffs' Daubert motion is due no later than May 28, 2021; Defendant's opposition is due no later than June 11, 2021; Plaintiffs' reply is any, is due no later than June 25, 2021. The final pretrial conference scheduled for May 21, 2021 is adjourned to July 22, 2021 at 3 p.m.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 58 and 97.

SO ORDERED.

Dated: April 7, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge