USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/23/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GLENN ALTO, EDWARD CONNOLLY in his individual capacity and as trustee of the Connolly 2014 Grantor Retained Annuity Trust, and LEWIS WILLIAM WATERS in his individual capacity and as trustee of the Lewis William Waters III 2014 Qualified Annuity Trust,

    Plaintiffs,

-against-

SUN PHARMACEUTICAL INDUSTRIES, INC.,

    Defendant.

---

1:19-cv-9758

ORDER

Gregory H. Woods, United States District Judge:

    Trial in this case is scheduled to begin on August 30, 2021. Pursuant to Rule 43(a) of the Federal Rules of Civil Procedure, a prohibition on traveling to the United States under federal coronavirus-related regulations constitutes a compelling circumstance and provides good cause to allow the witness, Kal Sundaram (the "Remote Witness"), to provide testimony remotely via videoconference. Accordingly, after due deliberation, the Court is prepared to adopt the following virtual procedures which provide appropriate safeguards in relation to the remote testimony of the witness. Any party objecting to these procedures or who wishes to suggest alternate procedures shall do so by a letter submitted on ECF no later than Tuesday, August 24, 2021.

IT IS HEREBY ORDERED THAT:

    1. **Videoconferencing**. The Remote Witness shall provide testimony using a platform mutually agreed upon by the parties, and approved by the Court. The Court's technology does not support Zoom, but does support Zoom.gov. It also supports the Microsoft Teams and WebEx

platforms. The parties shall inform the Court of which platform they have selected no later than August 25, 2021. The witness shall participate in appropriate pre-trial technology testing no later than August 26, 2021 and as may be required by further order of the Court.

2. **Submission of Exhibits**. The parties shall prepare two binders for the Remote Witness. The first binder ("Binder One") shall be prepared by the party offering the witness. It shall contain all exhibits that the party offering that witness intends for the witness to discuss at trial. The second binder ("Binder Two") shall be prepared by the party opposing the witness. Binder Two shall contain all exhibits that the opposing party intends for the witness to view during cross-examination.

By no later than August 27, 2021, copies of Binder Two shall be provided to the Remote Witness as well as to opposing counsel. The Binder Two shall be sealed and shall, on its exterior, clearly instruct the witness and opposing counsel not to open the binder until directed to do so. The Remote Witness and opposing counsel shall not review Binder Two until the cross-examination begins.

A hard copy and USB drive of Binder One shall be provided to the Court on August 30, 2021. A hard copy and USB drive of Binder Two shall be provided to the Court on the same date.

3. **Remote Witness Testimony**. Rule 43(a) of the Federal Rules of Civil Procedure provides that, for "good cause in compelling circumstances," a witness may be permitted to testify by contemporaneous transmission from a location other than the courtroom. Here, the Remote Witness lives in India and is subject to a prohibition on traveling to the United States under federal coronavirus-related regulations. Such circumstances constitute good cause and compelling circumstances. And as a result, the Remote Witness may testify by contemporaneous transmission from a different location than the Courtroom. The Remote Witness shall be sworn in over remote means, and such testimony will have the same effect and be binding upon the Remote Witness in the same manner as if such Remote Witness was sworn in by the Court deputy in person in open

court at the courthouse.  The party offering the Remote Witness shall be responsible for ensuring that the remote technology and all exhibits from all parties are supplied to the Remote Witness in hard copy prior to trial.  During the testimony, no person other than counsel may be present in the room from which the Remote Witness will testify during that witness's testimony.  While the Remote Witness is testifying, he or she may not have in the room from which the Remote Witness is testifying any documents except Binder One and Binder Two.  The Remote Witness must connect to the trial using a computer equipped with a camera; he may not access the trial using a phone or tablet device.  Upon the conclusion of his or her testimony, the witness shall disconnect from the link.

Testimony by the Remote Witness shall take place within the course of the normal trial day.  If the Remote Witness cannot testify during the regular trial day, the Court will understand him to be unavailable.

4. **Courtroom Formalities**.  Although the testimony of the Remote Witness will be provided using videoconferencing technology, the trial constitutes a court proceeding, and any recording other than the official court version is prohibited.  No party may record images or sounds from any location.  The formalities of a courtroom must be observed.  When called to testify, the Remote Witness must situate himself in such a manner as to be able to view the video screen and be seen by the Court.

SO ORDERED.

Dated: August 23, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge