```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
  GLENN ALTO, EDWARD CONNOLLY in his      :
  individual capacity and as trustee of the Connolly :
  2014 Grantor Retained Annuity Trust, and  :
  LEWIS WILLIAM WATERS in his individual   :
  capacity and as trustee of the Lewis William :
  Waters III 2014 Qualified Annuity Trust    :
                                             :
                               Plaintiffs,   :
                -v-                          :
                                             :
  SUN PHARMACEUTICAL INDUSTRIES, INC., :
                                             :
                               Defendant.    :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/30/2021

1:19-cv-09758-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

Pending before the Court are several applications to seal documents filed in this action. For the reasons that follow, Defendant's application at Dkt. No. 112 is GRANTED and Defendant's application at Dkt. No. 153 is DENIED. The Parties' remaining applications to seal (Dkt. Nos. 65, 69, 74, 76, 79, 84, 86, 101, 108, 110, 118, 120, 125, 127, 143, and 147) are DENIED as moot.

In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars sealing. *See* 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id.* (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (quotation omitted). "Finally, the court

must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

*First*, Defendant's application to seal at Dkt. 112, is granted.  There, Defendant moves to maintain under seal certain pages of nine exhibits Plaintiffs attached to their motion *in limine*. Specifically, Plaintiffs' attached lab notebooks from Pharmalucence that describe experiments and data on projects other than the products at issue in this case.  The pages Defendant requests to keep sealed are irrelevant to the Court's decision on the case.  And making public Pharmalucence's efforts to develop these products could cause competitive harm.  The public interest in disclosing this irrelevant material is low.  And this type of data could be very useful to a competitor and, thus, harmful to Sun.  Accordingly, the presumption of public access is overcome as to these pages.  *See Mirlis*, 952 F.3d at 59.

Second, Defendant's amended application to seal at Dkt. No. 153 is denied.  There Defendant seeks to maintain under seal portions of the expert report and deposition testimony of Dr. Ian Horn.  But the portions of the report and deposition testimony Defendant seeks to maintain under seal are critical to assessing the weight to be accorded to Horn's testimony, including Horn's experience with API suppliers, manufacturing, and product development.  Defendant has not established that this disclosure of this information would cause competitive harm.  Indeed, much of this information involves Horn's experience as an employee at a company from 1990–2001.  Thus, much of this information is at least twenty years old and is unlikely to cause any competitive harm. *See Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 2021 WL 1541385, at *2 (S.D.N.Y. Apr. 20, 2021) ("[I]t is unclear based on the provided reasoning and review of the relevant documents why disclosure would be harmful, including that the information in some documents is stale."). Accordingly, Defendant has not overcome the presumption of public access as to these materials. *See Mirlis*, 952 F.3d at 59.  Defendant is directed to file the documents subject to this application on the public docket no later than October 8, 2021.

Separately, pending before the Court is Defendant's motion to exclude the opinions of Plaintiff's expert Timothy Hanrahan. Dkt. No. 61. For the reasons described in the Court's forthcoming Memorandum Opinion and Order, Defendant's motion is GRANTED in part and DENIED in part.

Accordingly, Defendant's application at Dkt. No. 112 is GRANTED and Defendant's application at Dkt. No. 153 is DENIED. The Parties' remaining applications to seal (Dkt. Nos. 65, 69, 74, 76, 79, 84, 86, 101, 108, 110, 118, 120, 125, 127, 143, and 147) are DENIED as moot. The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 61, 65, 69, 74, 76, 79, 84, 86, 101, 108, 110, 112, 118, 120, 125, 127, 143, 147, and 153.

SO ORDERED.

Dated: September 30, 2021  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge